UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 15-CV-593(SLT)(RER)

―――――――――――

EDUARDO MALDONADO LOPEZ,

Plaintiff,

vs

CAJMANT LLC et al.,

Defendants.

―――――――――――

**MEMORANDUM & ORDER**

December 1, 2016

―――――――――――

**RAMON E. REYES, JR., U.S.M.J.**:

Eduardo Maldonado Lopez ("Plaintiff"), on behalf of himself and those similarly situated, commenced this action against Robert Volger ("Volger"), Cajmat LLC ("Cajmant"), and additional individual and corporate defendants for violations of the Fair Labor Standards Act ("FLSA") and related state law claims. (Dkt. No. 1). On October 25, 2016, following Volger's failure to answer the Second Amended Complaint (the "SAC") or respond to discovery demands, Plaintiff filed a motion for default judgment. (Dkt. No. 50). For the reasons stated below Plaintiff's motion is denied.

**BACKGROUND**

Plaintiff commenced this action for violation of the FLSA and related state law claims against Cajmant and other individual and corporate defendants on February 6, 2015. (Dkt. No. 1). On June 30, 2015, Plaintiff filed the SAC adding Volger as a named defendant. (Dkt. No. 17 (SAC) at ¶ 1). Volger was served the SAC on August 8, 2016. (Dkt. No. 23). Shortly thereafter Volger, proceeding *pro se*, filed what was styled a "Letter MOTION to Dismiss…" on behalf of himself and Cajmant (the "Letter"). (Dkt. No. 24). In addition to seeking dismissal, the Letter also contained responses to each paragraph in the SAC. (Dkt. No. 24). As such, the Letter contained elements of both an answer and a dispositive motion. Because the Letter appeared to have been intended as a motion to dismiss, it was treated as such. (Minute Entry Dated 10/29/2015) ("The document filed 24 is accepted as a motion to dismiss[.]"). Upon review, I issued a report (the "R&R") recommending that Judge Townes deny Volger's motion. (Dkt. Entry Dated

1

5/04/2016). The R&R also noted that because Cajmant, a corporate entity, had failed to retain counsel and appeared through Volger, and because "the time to respond to the [SAC] ha[d] run, Cajmant [was] in default." *Id.* Judge Townes adopted the R&R in its entirety. (Dkt. No. 43). Volger, who was not directly instructed to submit an answer following denial of his motion to dismiss, never filed a subsequent answer to the SAC.

On September 19, 2016 I granted Plaintiff's first motion to compel discovery, ordering Volger to produce documents and respond to interrogatories within ten days. (Order Dated 9/19/2016). Volger failed to comply with this order. (Dkt. No. 50-7 (Memorandum Of Law In Support Of Plaintiff's Motion For A Default Judgment Against Defendant Volger ("Pl.s Br.")) at 3). Plaintiff did not seek additional Court intervention. Instead, Plaintiff sent two letters to Volger containing a copy of the order and requesting compliance. (Pl.'s Br. at 3). The second letter was returned unopened. (Pl.'s Br. at 3; Dkt. No. 50 (Declaration of Robert Wisniewski ("Decl.") Ex. 4-5)). Volger failed to attend the most recent telephone conference on October 18, 2016. (Telephone Conference on 10/18/2016 – Tape #11:41:51-11:51:15 (208N) at 11:43:00). Plaintiff now moves for default judgment against Volger, but not Cajmant. (Dkt. No. 50).

**DISCUSSION**

Plaintiff moves for default judgment pursuant to Rule 37, based on Volger's failure to comply with this Court's order. (Pl.'s Br. at 4). However, in his memorandum in support of the motion Plaintiff also notes Volger's failure to file a timely answer to the SAC. (Pl.'s Br. at 3). Rule 37 provides sanctions for discovery violations but does not extend to the failure to file a timely answer, which is properly considered under Rule 55. *Compare* Fed. R. Civ. P. 37 *with* Fed. R. Civ. P. 55. Additionally, Plaintiff cites to principles and case law consistent with both rules. (Pl.'s Br. at 6, 9). Regardless of whether this motion is construed under Rule 37 or Rule 55, Plaintiff's motion is denied.

I. <u>Default Judgment Under Rule 37</u>

Under Rule 37 a district court may impose sanctions, including entering a default judgment, against a party who "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b). Default judgment and dismissal are "sever sanctions…appropriate in 'extreme situations[.]'" *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). In considering such sanctions, district courts consider: "(1) the willfulness of the non-complaint party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-complaint party had been warned" of the risk of sanctions. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). A *pro se* defendant is entitled to adequate warning before sanctions are imposed. *See Guggenheim Capital*, 722 F.3d at 452 ("Our Rule 37 precedents hold that a court abuses its discretion if it dismisses a case without first warning a *pro se* party of the consequences of failing to comply…a court is similarly obliged to provide adequate notice of a default judgment as a sanction against a party proceeding *pro se*."). This is akin to a notice requirement. *See World Wide Polymers, Inc.*, 694 F.3d 155, 160 (2d Cir. 2012).

Plaintiff argues that Volger's decision to return the second letter requesting compliance, unopened, evinces willfulness and suggests that lesser sanctions will be ineffective. (Pl.'s Br. at 7). Plaintiff further argues that Volger was aware of the risks of non-compliance. (Pl.'s Br. at 7). Volger's failure to comply with this Court's order, his refusal to accept correspondence from Plaintiff, and his failure to attend the most recent conference might warrant a default judgment. However, Volger was never placed on notice of possible sanctions. No mention of sanctions is contained in either the original order or Plaintiff's letters to Volger. (Order Dated 9/19/2016; Decl. 4-5). In the absence of such notice, Plaintiff's motion cannot be granted. *See Guggenheim Capital*, 722 F.3d at 452. Following the issuance of this Memorandum and Order Volger will be deemed on notice of potential sanctions, including default judgment. Continued failure to produce documents, respond to interrogatories, or participate in conferences may result in a report and recommendation that judgment be entered against Volger.

II.   Default Judgment Under Rule 55

Rule 55 creates "a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). Where the defendant "fail[s] to plead or otherwise defend[,]" the plaintiff may request entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(a); s*ee also Priestly*, 647 F.3d at 504. Once default has been entered, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Plaintiff has not requested[1] and the Clerk of the Court has not entered a default against Volger. Even if the Court were to consider Plaintiff's motion as a request to enter default, I conclude that the Letter is sufficient to meet Volger's filing obligations and as such entry of default is not warranted.

A defendant may "plead or otherwise defend[,]" as contemplated under Rule 55, by filing a timely motion to dismiss. *Dekom v. New York*, No. 12-CV-1318 (JS)(ARL), 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013). If the defendant's motion is denied, he must file a responsive pleading within fourteen days. Fed. R. Civ. P. 12(a)(4)(A). Failure to do so is grounds for entry of default. *Youth Alive v. Hauppauge Sch. Dist.*, No. 08-CV-1068 (NGG)(ALC), 2011 WL 4628751, at *3 (E.D.N.Y. Sept. 30, 2011). Volger filed a timely motion to dismiss but failed to file an answer after his motion was denied. (Pl.'s Br. at 3).

In its answer a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it[.]" Fed. R. Civ. P. 8(b). It is this Court's practice to construe a *pro se* litigant's pleadings liberally. *See Mensh v. U.S.*, No. 08-CV-4162 (DLI)(ALC), 2009 WL 2242295, at *1 (E.D.N.Y. July 27, 2009) ("Because petitioner is a *pro se* litigant, the court holds his pleadings to 'less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Haines v. Kerner*, 404 U.S. 516, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

The Letter provided responses to every paragraph of the SAC. (Dkt. No. 24).

---

[1] This alone is not dispositive as "[t]he plain language of Rule 55(a)…does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default.". *See Peterson v. Syracuse Police Dept.*, 467 Fed.Appx. 31, 33 (2d Cir. 2012) (summary order).

These responses contained denials and raised prospective defenses. While its form was inconsistent with a traditional answer, it is unclear what additional information would have been gleaned by requiring Volger to make a second submission following denial of his motion.

The Second Circuit cautions that "trial judges must make some effort to protect a [*pro se*] party…from waiving a right to be heard because of his or her lack of legal knowledge." *Enron Oil Corp v. Diakuhura*, 10 F.3d 90, 96 (2d Cir. 1993). Default is a harsh remedy, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id*. This standard is heightened when the defaulting party is unrepresented. *See id.* ("[C]oncerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se. A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation.")

While technically non-compliant, I conclude that the Letter could have been interpreted as an answer. The letter contains the denials and prospective defenses, as required under Rule 8. Fed. R. Civ. P. 8(b). Volger was never expressly directed to file an answer following denial of his motion to dismiss. I cannot conclude that entry of default is warranted for a failure to comply with the technical requirements of the Federal Rules when the substantive purpose of the rules has been satisfied. *See Sony Corp v. Elm State Elcs., Inc.,* 800 F.2d 317, 319 (2d Cir. 1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default."); *see also Mensh*, 2009 WL 2242295 at *1 ("Even assuming that service had been proper, respondent's motion would have been late only by two days, and such a minor technical violation would not warrant a default judgment under Fed. R. Civ. P. 55."). For these reasons, entering a default against Volger, let alone granting default judgment, is unwarranted.

## CONCLUSION

For the reasons set forth above Plaintiff's motion is denied and Volger is deemed on notice of the consequences of continued non-compliance with discovery orders. Plaintiff is hereby directed to serve copies of this Memorandum & Order upon Volger and Cajmant by regular and certified mail, and file proof of service with the Clerk of the Court by December 5, 2016.

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: December 1, 2016
Brooklyn, NY

4